CHARLES KRUGLER,

                Plaintiff,

- versus -

MTA NEW YORK CITY TRANSIT AUTHORITY AND MANHATTAN & THE BRONX SURFACE TRANSIT OPERATING AUTHORITY,

                Defendants.

MEMORANDUM AND ORDER

12-CV-2900 (JG)(VMS)

A P P E A R A N C E S:

    LEVINE AND GILBERT
        115 Christopher Street
        New York, New York 10004
    By:    Harvey A. Levine
        *Attorneys for Plaintiff*

    LEWIS S. FINKELMAN
        Vice President and General Counsel
        New York City Transit Authority
        130 Livingston Street, 12th Floor
        Brooklyn, New York 11201
    By:    Kristen M. Nolan
        *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        Plaintiff Charles Krugler brings this action against defendants MTA New York City Transit Authority ("MTA") and Krugler's employer, the Manhattan & the Bronx Surface Transit Operating Authority ("MaBSTOA") under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* Defendants seek summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure. I heard oral argument on September 4, 2015. For the reasons that follow, the defendants' motion is granted.

BACKGROUND

A. *The Facts*

Unless otherwise noted, the facts set forth here are either undisputed, or, if disputed, are viewed in the light most favorable to Krugler, the nonmoving party. *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002). Initially, I note that Krugler failed to comply with Local Rule 56.1(b)-(c), which requires him to oppose the defendants' Rule 56.1 Statement of Material Facts with "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." Accordingly, the statements in the defendants' Rule 56.1 Statement that are not "specifically controverted by a correspondingly numbered paragraph" in Krugler's statement will be "deemed to be admitted for purposes of the motion." Local Rule 56.1(c).

Charles Krugler is a white, 57 year-old male who is employed as an Assistant General Superintendent ("AGS") of Transportation with the MaBSTOA, a subsidiary of the MTA. He makes $112,370 per year. He was born on November 17, 1957. Def. Rule 56.1 Stmt. ¶ 1. In Krugler's affidavit, he says that he has served as an AGS since June 2014. Before that, he was Superintendent/Instructor for Time Keeping (May 2004 to May 2014). Going farther back, he held the positions of Instructor for Zarega Training Center (June 1999 to April 2004), Superintendent of Manhattan Road Operations (April 1999 to June 2001), Surface Line Dispatcher (December 1987 to April 1999), and Bus Operator (May 1982 to December 1987). Krugler Aff. ¶ 3.

Krugler contends that he applied to 18 positions he was qualified for, but he was only given five interviews. He says that the employees promoted ahead of him were under 40 years old. Krugler Aff. ¶¶ 6-7. Krugler lists the following jobs, which he applied for when he was at least 43 years old and did not get, as examples:[1]

- In August 2001, Krugler applied for the position of AGS (Vacancy #1124). Five people were selected to be interviewed, and four of them were older than Krugler. Def. Rule 56.1 Stmt. ¶¶ 6-7; Pl. Ex. E.

- In July 2002, when he was 44 years old, Krugler applied for another AGS position (Vacancy #1458). He did not get an interview, and Kevin McNamara, who was 38 at the time, got the job. Pl. Rule 56.1 Stmt. ¶ 11; Krugler Aff. ¶ 8. Out of nine applicants selected to interview for the position, four were older than Krugler. Def. Rule 56.1 Stmt. ¶ 10.

- In September 2003, when he was 45, Krugler applied for another AGS position (Vacancy #1870), and he was passed over for Devon Rogers, a 35-year old. Krugler did not get an interview. Pl. Rule 56.1 Stmt. ¶ 12; Krugler Aff. ¶ 9, Pl. Ex. E. Out of 11 applicants selected to interview for the position, eight were older than Krugler. Def. Rule 56.1 Stmt. ¶¶ 14-15.[2]

- In January 2005, when he was 47, Krugler applied for a Director of Transportation Training position (Vacancy #2662). Krugler says that James Coyle, who was 37, got the job and Krugler did not get an interview. Pl. Rule 56.1 Stmt. ¶ 13; Krugler Aff. ¶ 10. However, Krugler's list of positions and the defendants' records show that Krugler was interviewed for the job. *See* Pl. Ex. E; Def. Rule 56.1 Stmt. ¶¶ 18-19; Grimes Aff. Ex. E. Defendants' records show that Krugler did not get the job because he "did not interview well." Grimes Aff. Ex. E. Defendants' records also show that Edwin Melendez, who is older than Krugler, was selected for the job. Def. Rule 56.1 Stmt. ¶ 19; Grimes Aff. Ex. E.

- In December 2005, Krugler also applied for an AGS position (Vacancy #3137). Krugler's records and affidavit show that John Pillantz, 37, and James Coyle, also 37, got the job. Pl. Rule 56.1 Stmt. ¶ 14; Krugler Aff. ¶ 11; Pl. Ex. E. Out of seven applicants selected to be interviewed, one was older than Krugler. Def. Rule 56.1 Stmt. ¶¶ 22-23.

---

[1] Krugler also provides a list of positions he applied for, whether he was interviewed, and who received the promotions. *See* Pl. Ex. E. The list in the text includes the positions Krugler lists in Exhibit E as well as those in his affidavit and additional positions noted by the defendants.

[2] It is unclear whether this statement from Krugler's affidavit refers to Vacancy #1458 or #1870. In viewing the evidence in the light most favorable to Krugler, I will assume he refers to #1870. *See* Pl. Ex. E.

3

- Krugler also applied for an AGS position in March 2007 (Vacancy #3870). He did not get an interview, and Johnathan Belcher, who was 39, got the job. Pl. Rule 56.1 Stmt. ¶ 15; Krugler Aff. ¶ 12. Out of six applicants selected to be interviewed, two were older than Krugler. Def. Rule 56.1 Stmt. ¶¶ 26-27.

- In August 2007, Krugler applied for the position of Director of Transportation Training (Vacancy #4136). Krugler was interviewed for the position but not hired. One of the people hired, Michael Daniclyk, was older than Krugler. Def. Rule 56.1 Stmt. ¶¶ 31-33; Pl. Ex. E.[3]

- In April 2008, when he was 51, Krugler applied for the position of Director of Standards and Compliance (Vacancy #4685). Krugler was interviewed for the position but not hired. Instead, defendants hired Patrick Joseph McEntee, who is older than Krugler. Def. Rule 56.1 Stmt. ¶¶ 36-37; Pl. Ex. E.

- In May 2008, Krugler applied for to be General Superintendent of Support Services (Vacancy #4749). Yvette Miller, who was 38, got the job, and Krugler did not get an interview. Kenneth Daube, Jr., who was 35, and Michael Pal, who was 39, also received this promotion. Pl. Rule 56.1 Stmt. ¶¶ 16-18; Krugler Aff. ¶¶ 13-15; Pl. Ex. E.

- In June 2008, Krugler applied for an AGS position (Vacancy #4789). Krugler did not get an interview, and the people selected for interviews were younger than him. Def. Rule 56.1 Stmt. ¶¶ 39-40; Pl. Ex. E.

- In July 2009, Krugler applied for the position of General Superintendent (Vacancy #5086). He did not get an interview. Of the six applicants selected for interviews, one was older than him. Def. Rule 56.1 Stmt. ¶¶ 48-49.

- In December 2009, Krugler applied for an AGS position (Vacancy #5231). He did not get an interview. Of the four applicants selected for interviews, one was older than him. Def. Rule 56.1 Stmt. ¶¶ 43-44; Pl. Ex. E.

- In April 2011, Krugler applied for another AGS position (Vacancy #5681). He did not get an interview. Of the six applicants selected for interviews, one was older than him. Def. Rule 56.1 Stmt. ¶¶ 57-58; Pl. Ex. E.

- In July 2011, Krugler applied for an AGS position (Vacancy #5782). He did not get an interview. The person who received the promotion, Juan Roman, is younger than Krugler. Def. Rule 56.1 Stmt. ¶¶ 62-63.

---

[3] Krugler's Exhibit E says Belcher was hired for this position (#4136) instead of the previous one (#3870).

- Also in 2011, Krugler also applied for the General Superintendent of Support Services position (Vacancy #5535T). Patrick Bambury, who was 29, received the promotion. Pl. Rule 56.1 Stmt. ¶ 19; Krugler Aff. ¶ 16; Pl. Ex. E.

For nearly all of these positions, Krugler said he had previously trained or monitored the employees who ended up receiving the promotions. *See* Krugler Aff. ¶¶ 8, 10-16. Krugler also says that he always received positive reviews and evaluations from his supervisors that show he had experience in "all aspects of the transportation system." Krugler Aff. ¶¶ 17-18; Pl. Ex. D. Defendants point out that Krugler's position as superintendent for the Unified Timekeeping System ("UTS") required him to train people on using the timekeeping system, and not on other aspects of their work. Krugler's boss, James Lynam, said that the jobs Krugler applied for required "more emphasis on depot experience" and not on the timekeeping system. Def. Rule 56.1 Stmt. ¶¶ 71-77.

On October 5, 2011, Krugler filed a complaint with the EEOC alleging age discrimination. The EEOC issued a right to sue letter on March 12, 2012, and on June 8, 2012, Krugler filed his complaint in this action. He amended his complaint on April 12, 2013. Def. Rule 56.1 Stmt. ¶¶ 2-3. In June 2014, Krugler was promoted to the position of AGS. Def. Rule 56.1 Stmt. ¶ 67.

## DISCUSSION

On this motion for summary judgment, defendants argue that Krugler has failed to establish a prima facie case of discrimination under the ADEA and the NYSHRL. They also argue that any of Krugler's claims arising before December 9, 2010 are untimely.

A. *The Standard of Review*

A court may grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of

law." *See* Fed. R. Civ. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). "In deciding whether there is a genuine issue of material fact as to an element essential to a party's case, the court must examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *Abramson,* 278 F.3d at 101 (2d Cir. 2002) (internal quotations omitted).

In order to survive summary judgment, a non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact[,]" *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), and the "mere existence of a scintilla of evidence" is not enough to defeat summary judgment. *Anderson,* 477 U.S. at 252.

B.  *The ADEA Claim*

Under the ADEA, it is "unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, under the NYSHRL, it is "an unlawful discriminatory practice [f]or an employer . . . because of an individual's age, . . . to refuse to hire . . . or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a).

6

In deciding a defendant's motion for summary judgment on an ADEA claim, courts apply the burden-shifting framework first adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Under that framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). This burden is not difficult to meet, as even a *de minimis* showing may be sufficient to establish a prima facie case. *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001).

If the plaintiff satisfies this initial burden, the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for its action. *Ruiz*, 609 F.3d at 492. Under the *McDonnell-Douglas* framework, if the defendant provides such a reason, summary judgment can still be denied if the plaintiff can show that the defendant's proffered reason is a pretext for discrimination. *Id*. To show pretext in Title VII cases, a plaintiff is not "required to prove the employer's stated justification was asserted with intent to deceive or in bad faith"; rather, he must simply show that "discrimination played a role in an adverse employment decision." *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 157 (2d Cir. 2010). However, in *Gross v. FBL Financial Services*, the Supreme Court eliminated this "mixed-motive analysis" for ADEA cases, and instead it found that "'a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action' and not just a contributing or motivating factor." *Gorzynski*, 596 F.3d at 106 (quoting *Gross v. FBL Financial Services*, 557 U.S. 167, 180 (2009)). This means the plaintiff must prove not only that the proffered nondiscriminatory reason was pretextual but also that the discrimination was the "real reason" for the adverse

7

action. *See McDonald v. U.S. Postal Serv. Agency*, 547 F. App'x 23, 25 (2d Cir. 2013) (internal quotations omitted).

        1.     *Prima Facie Case of Discrimination*

To establish a prima facie case of discriminatory failure to promote, a plaintiff ordinarily must demonstrate by a preponderance of the evidence that: "(1) []he is a member of a protected class; (2) []he applied and was qualified for a job for which the employer was seeking applicants; (3) []he was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004) (internal quotations omitted).

The defendants do not contest that Krugler has established that he was a member of a protected class due to his age, that he applied and was qualified for the open positions, and that he was not hired for the positions on which he bases his claim. Because of this, and given Krugler's minimal burden in establishing a prima facie case, I will move on to the next steps of the *McDonnell-Douglas* analysis. *See Yu v. New York City Hous. Dev. Corp.*, 494 F. App'x 122, 124-25 (2d Cir. 2012) (assuming that plaintiff properly established a failure to promote claim under the ADEA and finding that summary judgment was properly granted in favor of defendants at the final step of burden-shifting framework).

        2.     *The Defendants' Non-Discriminatory Reason and Evidence of Pretext*

At the third step of the burden-shifting framework, the defendants must show a "legitimate nondiscriminatory reason" for the challenged rejection. *Estate of Hamilton v. City of New York*, 627 F.3d 50, 55 (2d Cir. 2010) (internal quotations omitted), *abrogated on other grounds by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). The defendants have met this burden by "point[ing] to numerous, legitimate factors supporting

their promotion decisions." *Estate of Hamilton*, 627 F.3d at 55. Specifically, they contend that Krugler did not have the right experience for the jobs he applied for, since his experience centered mainly on the UTS. *See* Def. Rule 56.1 Stmt. ¶¶ 71-79. Additionally, they point out that on at least one occasion when Krugler was interviewed, he did not perform well. *See* Grimes Aff., Ex. E. These justifications are sufficient for defendants to meet their burden, especially because courts "do not second-guess [an] employer's decision in this regard, provided that it was not based on discrimination." *Yu*, 494 F. App'x at 125.

At the last stage of the *McDonnell-Douglas* analysis, Krugler must show "sufficient evidence upon which a reasonable jury could conclude by a preponderance of the evidence that [his] age was a 'but for' cause of [defendants'] decision." *Gorzynski*, 596 F.3d at 107. Where an employer has provided a legitimate rationale for its allegedly discriminatory actions, "the presumption created by the prima facie case drops out," and the plaintiff must then "supply evidence from which a reasonable juror could conclude that the proffered reasons are not true reasons, but are mere pretext for the real discriminatory motivation." *Lorenzo v. St. Luke's-Roosevelt Hosp. Ctr.*, 837 F. Supp. 2d 53, 63 (E.D.N.Y. 2011) (internal quotations and alterations omitted).

In attempting to satisfy this burden, Krugler argues that he has shown he was qualified for the positions, as evidenced by an evaluation in which his supervisor said he is "fully knowledgeable about all aspects of the transportation business." Pl. Ex. D (Lynam Eval. dated May 10, 2011) at 2. Krugler says that he has proven age discrimination was the "but for" cause for defendants' refusal to promote him by virtue of his work history, "testimony as to his skills and expertise," along with "his supervisor[']s own testimony." Pl. Opp. at 8.

9

Any inference arising out of Krugler's showing that younger workers were hired on some occasions instead of him is undercut by the defendants' proof that in most cases, other members of Krugler's protected class (employees over 40) were interviewed and hired for the open positions. Indeed, in 11 out of 15 positions summarized above, at least one of the applicants selected to be interviewed – or even hired – was older than Krugler. This is persuasive evidence that the defendants did not discriminate against Krugler based on his age. *See Anderson v. City of New Rochelle*, No. 10-CV-4941 (ER), 2012 WL 3957742, at *13 (S.D.N.Y. Sept. 4, 2012) (collecting cases where defendants show that their decision to hire other members of a protected class supports a conclusion that plaintiff has not established a discrimination claim).

Moreover, there is nothing in the record to suggest that age discrimination was even one of multiple factors – let alone the "but for" cause – for the failure to hire Krugler. Indeed, Krugler offers no evidence of discriminatory remarks or animus directed toward him or members of his protected class. As further evidence there was no age-based discrimination at play, Krugler was eventually promoted to the position of AGS, one of the positions he claims he was passed over for because of his age. For all of these reasons, Krugler's ADEA claim does not withstand summary judgment.

C.      *The NYSHRL Claim*

Claims under the NYSHRL are generally evaluated according to the same standard for federal discrimination claims. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001). In age discrimination cases, whether the heightened "but for" standard from *Gross* applies to NYSHRL claims "remains an open question within the Second Circuit," though the Second Circuit has "'assume[d], without deciding, that the Supreme Court's *Gross*

decision affects the scope of the NY[S]HRL law as well as the ADEA.'" *Digilov v. JPMorgan Chase Bank, N.A.*, No. 13-CV-975 (KPF), 2015 WL 685178, at *10 (S.D.N.Y. Feb. 18, 2015) (quoting *Gorzynski*, 596 F.3d at 105, n.6) (internal citation omitted). However, because I conclude as a matter of law that age discrimination played no role in the failure to promote Krugler, I need not answer that question here. Summary judgment is also appropriate for Krugler's NYSHRL claim.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is granted. The Clerk is respectfully directed to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 10, 2015
      Brooklyn, New York